UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PENNY B.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-6127 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Penny B., the mother of minor child M.A.B.,[1] has brought this matter for judicial review of defendant's denial of her application for supplemental security income benefits for a child. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A.    Did the ALJ harmfully err in evaluating the medical opinion evidence?

B.    Did the ALJ harmfully err in rejecting plaintiff's symptom testimony?

C.    Did the ALJ harmfully err in rejecting lay witness testimony?

D.    Did the ALJ harmfully err in finding plaintiff did not meet or equal a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1 (the "Listings")?

E.    Should this matter be remanded for an award of benefits?

---

[1] Although M.A.B. appears through her mother Penny B., "plaintiff" will refer to M.A.B. in this Order.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

## II. DISCUSSION

An individual under the age of 18 is disabled if she has a medically determinable physical or mental impairment that results in marked or severe functional limitations, and the limitations can be expected to result in death or last for a continuous period of at least 12 months, provided the individual is not engaging in substantial gainful activity. 20 C.F.R. § 416.906.

Social Security regulations set forth a three-step sequential evaluation process for determining whether a child is disabled. *See* 20 C.F.R. § 416.924(a). At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* If the claimant is not, the ALJ proceeds to step two, at which point he or she must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. *Id.* If the claimant has a severe impairment or combination of impairments, the ALJ proceeds to step three, at which point he or she must determine whether the claimant has an impairment that meets, medically equals, or functionally equals a Listing. *Id.*

Plaintiff alleges she meets or medically equals Listings 112.04 (depressive, bipolar, and related disorders) and/or 112.07 (somatic symptom and related disorders). Pl. Op. Br., pp. 4, 18. To meet either of these Listings, a claimant must meet the criteria under paragraphs A and B. 20 C.F.R. Part 404, Subpart P, App'x 1, §§ 112.04, 112.07.

To satisfy the paragraph A criteria, the claimant must have medical documentation of specific symptoms. *Id.* To satisfy the paragraph B criteria, the claimant must have at least one extreme or two marked limitations in the following areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4)

adapting or managing oneself. *Id.* A claimant may also meet Listing 112.04 by satisfying paragraph C, which requires a mental disorder that has been documented to persist over at least two years, the claimant has medical treatment or support "that is ongoing and that diminishes the symptoms and signs of [the claimant's] mental disorder," and the claimant has minimal capacity to adapt to changes in her environment or routine. 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.04.

An impairment functionally equals a listing if the child has marked limitations in two areas of functioning or an extreme limitation in one area. 20 C.F.R. § 416.926a(a). The six areas of functioning, or domains, are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The Court will uphold an ALJ's decision unless the decision is based on legal error, or the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154, 1159 (9th Cir. 2020). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.*

The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

**A.     The ALJ Partially Erred in Evaluating the Medical Evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. Pl. Op. Br. (Dkt. 20), pp. 2–11. Plaintiff contends the ALJ erred in evaluating the opinions of testifying medical expert Daniel Wiseman, M.D., and examining psychologist Loreli Thompson, Ph.D. Pl. Op. Br., pp. 2–5. Plaintiff summarizes other medical evidence, and contends it supports Dr. Wiseman's opinions and plaintiff's testimony. *See* Pl. Op. Br., pp. 5–11. The Court will consider this argument in the context of plaintiff's challenge to the ALJ's evaluation of Dr. Wiseman's opinions and plaintiff's testimony, but finds plaintiff has not separately and distinctly challenged the ALJ's evaluation of any other medical opinions in the record. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus does not consider the ALJ's evaluation of any opinions other than the two specifically raised.

1. <u>The ALJ Harmfully Erred in Evaluating Dr. Wiseman's Opinions</u>

Plaintiff argues the ALJ erred in rejecting Dr. Wiseman's opinions to the extent they establish plaintiff met a Listing. Pl. Op. Br., pp. 4–5. Dr. Wiseman reviewed plaintiff's medical records, but did not examine or treat her. AR 73–74. He testified at the hearing as a medical expert. *See* AR 73–78.

Dr. Wiseman opined plaintiff had a condition that had lasted for 12 months, and he characterized the condition as "a severe behavior disorder . . . . [E]vidence of depression. . . . [E]vidence of anxiety. . .. [A]ctually personality disorder." AR 75-76. Dr. Wiseman testified plaintiff's condition was in "an area of medicine that we just don't understand well." AR 76. When asked by the ALJ to confirm that he "[did not] have a real diagnosis for" plaintiff's condition, Dr. Wiseman responded: "That's right, I mean, it's a behavioral diagnosis. I've given you several options for which there's enough information to suggest that those are conditions [plaintiff] has and they've been diagnosed by her various physicians and by the consultative people too." AR 77.

Dr. Wiseman gave separate opinions regarding plaintiff's limitations under the paragraph B criteria, and her limitations in the six areas of functioning, although there was substantial overlap. Addressing the paragraph B criteria, Dr. Wiseman opined plaintiff was "extraordinarily impaired" in her ability to interact with others. AR 76. He opined plaintiff was "markedly impaired" in her ability to concentrate, persist, and maintain pace, and her ability to adapt and manage herself. *Id.*

Turning to the areas of functioning, Dr. Wiseman opined plaintiff was "markedly or extremely impaired" in the domains of interacting and relating with others, and caring for oneself. *Id.* He opined plaintiff was less than markedly impaired in the domain of moving about and manipulating objects, and that he could not define plaintiff's functioning in the remaining three domains. AR 76–77.

The ALJ gave "very limited weight" to Dr. Wiseman's opinions. AR 25. "The Commissioner may reject the opinion of a non-examining physician by reference to

specific evidence in the medical record."[2] *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

The ALJ first erred by rejecting Dr. Wiseman's opinions on the basis that Dr. Wiseman "said there was no known diagnosis." AR 25. Dr. Wiseman determined plaintiff had a severe behavior disorder, and suggested it could be classified as depression, anxiety, or personality disorder. *See* AR 77. The ALJ found plaintiff had severe impairments of severe behavior disorder, anxiety, and depression. AR 20. The ALJ's reasoning of "no known diagnosis" is not supported by substantial evidence and thus does not withstand scrutiny.

The ALJ further erred because he focused his analysis on Dr. Wiseman's opinions regarding the areas of functioning, but did not address all of Dr. Wiseman's opinions regarding the paragraph B criteria. The ALJ reasoned a review of the overall evidence "demonstrates less than marked limitations in interacting and relating with others, moving about and manipulating objects, and caring for herself." AR 25.

Yet, the ALJ did not explain why he was rejecting Dr. Wiseman's opinions that plaintiff was limited in her ability to maintain concentration, persistence, and pace, and in her ability to adapt or manage herself. *See id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin,* 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v.*

---

[2] The Administration has amended regulations for evaluating medical evidence, but the amended regulations apply only to claims filed on or after March 27, 2017 and therefore are not relevant to this case. *See* 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017); 20 C.F.R. § 416.920c (applicable to claims filed after March 27, 2017).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

*Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ therefore failed to provide valid reasons for rejecting Dr. Wiseman's opinions on plaintiff's ability to maintain concentration, persistence, and pace, and adapt and manage herself.

The ALJ did address Dr. Wiseman's claim that plaintiff was impaired in her ability to interact with others, but erred because the evidence relied on by the ALJ did not reasonably conflict with that opinion. The ALJ rejected Dr. Wiseman's opinion on plaintiff's ability to interact and relate with others because she was able to engage with Dr. Thompson during her examination, described herself as happy, and got along well with her mother and brother. *See* AR 25, 29. The ALJ's analysis is not supported by substantial evidence. First, the ALJ's characterization of plaintiff's behavior when she was examined by Dr. Thompson is not accurate. Although Dr. Thompson stated plaintiff interacted with her appropriately, Dr. Thompson also stated plaintiff's "presentation was that of a child much younger than her stated age." AR 414. Dr. Thompson further found plaintiff's "[s]ocial interaction and interpersonal relationships are limited" due to her presentation "as being much more immature and child-like for an adolescent." AR 415.

Second, the fact that plaintiff presented as happy and got along well with her mother and brother does not conflict with a finding that she would struggle to interact with others. Plaintiff's ability to present as happy does not mean she can interact well with others. Similarly, plaintiff's ability to get along with her mother and fraternal twin brother, who have known her since birth, is so dissimilar from other social interactions and relationships, such as, for example, interactions with other children, that it is not a valid reason to reject Dr. Wiseman's opinion on social interaction. The ALJ therefore failed to provide valid reasons for rejecting Dr. Wiseman's opinions, and harmfully erred.

## 2. The ALJ Did Not Harmfully Err in Evaluating Dr. Thompson's Opinions

Dr. Thompson examined plaintiff on May 17, 2017. *See* AR 410–16. Dr. Thompson opined plaintiff had good reasoning ability, understanding, and sustained concentration and persistence. AR 415. Dr. Thompson opined plaintiff's "[m]emory functions are inconsistent." *Id.* Dr. Thompson explained plaintiff's delayed and intermediate memory were good, but her working memory was poor. *Id.* Dr. Thompson opined plaintiff's social interaction and interpersonal relationships were limited. *Id.* Dr. Thompson opined plaintiff's "ability to adapt to routine changes in a typical school setting is likely to be impacted by reported depressed mood, medical issues, and chronic pain." *Id.*

The ALJ gave Dr. Thompson's opinions "some weight." AR 25. The ALJ noted the opinions were "not particularly probative in an analysis of the functional domains, as [Dr. Thompson] did not provide an opinion regarding these domains." *Id.* The ALJ reasoned Dr. Thompson's findings that plaintiff's reasoning, understanding, sustained concentration and persistence were intact was consistent with no limitation in the first two domains, acquiring and using information, and attending and completing tasks, "despite the notation of some inconsistencies in memory functioning." *Id.* The ALJ reasoned Dr. Thompson's opinion "that [plaintiff's] restrictive lifestyle and homeschooling environment were impacting her symptoms is consistent with no greater than a 'less than marked' limitation in interacting and relating with others." *Id.*

An ALJ must give clear and convincing reasons supported by substantial evidence to reject a treating doctor's uncontradicted opinions, and specific and

legitimate reasons supported by substantial evidence to reject a treating doctor's contradicted opinions. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Plaintiff has failed to show the ALJ harmfully erred in evaluating Dr. Thompson's opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Plaintiff's only argument is that "Dr. Thompson's clinical findings do provide additional objective evidentiary support for Dr. Wiseman's opinion that [plaintiff] meets or equals Listings 112.04 and/or 112.07." Pl. Op. Br., p. 5. As discussed above, the ALJ erred in rejecting Dr. Wiseman's opinions. But plaintiff's bare assertion that Dr. Thompson's clinical findings support Dr. Wiseman's opinions does not establish that the ALJ erred in evaluating Dr. Thompson's opinions.

**B.     The ALJ Partially Erred in Rejecting Plaintiff's Testimony**

Plaintiff argues the ALJ erred by rejecting her testimony. Pl. Op. Br., pp. 11–14. In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff testified she is homeschooled and does not engage in social activities or regularly leave the house. *See* AR 47–50. She testified she has headaches, stomach pain, and nausea. AR 55, 58. She testified these symptoms make it difficult for her to do chores, concentrate, and sleep. AR 58–61.

The ALJ found plaintiff's testimony regarding the severity of her symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR 22. The ALJ erred in rejecting plaintiff's testimony regarding the severity of her pain. The ALJ reasoned there was "no diagnostic explanation for [plaintiff's] symptoms." AR 22. Although an ALJ may consider the medical evidence in evaluating the severity of a claimant's pain, "'an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (alteration in original); *see also* 20 C.F.R. § 416.929(c)(2). This is because "pain cannot be objectively verified or measured"; rather, it "is a subjective phenomenon." *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

The ALJ accepted that plaintiff had severe impairments including Postural Orthostatic Tachycardia Syndrome ("POTS"), headaches from POTS, and stomach pain, and that these impairments "could reasonably be expected to produce" the symptoms plaintiff alleged. AR 22. Having accepted those conditions, the ALJ could not reject plaintiff's claims of pain—and accompanying limitations relating to doing chores and sleeping—based on a lack of diagnostic findings. Moreover, the medical record shows that despite physicians having difficulty finding the source of plaintiff's conditions, there were diagnoses regarding plaintiff's reported symptoms. *See, e.g.,* AR 387, 630-

632 (examination notes of Dr. Lisa Barer, plaintiff's treating physician, dated 9-26-2016, describing "visceral hyperalgesia" and examination notes of Dr. Barer dated 3-9-2018 stating a diagnosis of POTS); AR 425-428 (report of Dr. Robert Windsor, MD, Seattle Children's Hospital Attending Physician in Pain Management, dated 6-12-2017, describing "severe functional disability"); AR 615-619, 625, 629, (reports of Dr. Steven Phillips, MD, Mary Bridge Pediatric Neurology, dated March, April, July and August 2018 (indicating that plaintiff was diagnosed with postural orthostatic tachycardiac syndrome (POTS); AR 622-623 (reports dated June and July 2018 of Dr. Robert Beilke, PhD, Clinical Psychologist, regarding biofeedback treatment for POTS).

The ALJ did not err, however, in rejecting plaintiff's testimony that she could not concentrate well due to her impairments. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ noted Dr. Thompson found plaintiff had good sustained concentration and persistence, as well as average intellectual functioning in a mental status exam. AR 22–23, 412–15. The ALJ further noted plaintiff was getting B grades in school. AR 27, 422. The ALJ reasonably interpreted this evidence as inconsistent with plaintiff's testimony that she had difficulty concentrating due to her impairments.

In sum, the ALJ erred in rejecting plaintiff's testimony regarding the severity of her pain, but did not err in rejecting plaintiff's testimony that she had difficulty concentrating.

**C.     The ALJ Harmfully Erred in Rejecting Plaintiff's Mother's Lay Testimony**

Plaintiff argues the ALJ erred by rejecting the testimony of Penny B., M.A.B.'s mother. Pl. Op. Br., pp. 14–18. In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citations and quotation marks omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

Plaintiff's mother, Penny B., testified at the hearing, submitted a written statement, and completed a teacher questionnaire. *See* AR 62–73, 263–71, 305–14. Ms. B. testified plaintiff has difficulty focusing due to nausea. AR 64. She reported plaintiff has constant headaches and stomach pain. AR 264, 266, 274. She reported plaintiff's symptoms are constant, and any activity makes them worse, so plaintiff sleeps a lot as a result. *Id.* Ms. B. reported plaintiff does not often go outside or engage in physical activities. AR 65–67.

In the teacher questionnaire, Ms. B. addressed plaintiff's abilities in the six areas of functioning. She reported plaintiff does about three to four hours of school per week. AR 307. In the domain of acquiring and using information, Ms. B. opined plaintiff had slight to very serious problems in multiple areas of comprehension, problem-solving, recall, and learning new material. AR 308. In the domain of attending and completing tasks, Ms. B. opined plaintiff had problems completing class/homework assignments, working at a reasonable pace, and finishing on time. AR 309. In the domain of moving

about and manipulating objects, Ms. B. opined plaintiff had a very serious problem managing physical activities or tasks. AR 311. Ms. B. opined plaintiff had no problem in the domains of interacting and relating to others, and caring for herself. AR 310, 312. In the last domain, health and physical well-being, Ms. B. reported, as she did in her testimony, that plaintiff suffered from dizziness, nausea, and daily pain. AR 313.

The ALJ rejected plaintiff's mother's testimony and teacher questionnaire responses. AR 26. Focusing on the questionnaire, the ALJ stated that "because [plaintiff] is only tending [sic] 3 to 4 hours of school per week, an assessment of her school related functioning appears to be significantly limited by the limited structure and restricted lifestyle the claimant is leading." AR 26. The ALJ then noted a number of providers recommended plaintiff have a more structured sleep and activity routine. *Id.* The ALJ thus reasoned: "The overall evidence indicates that an assessment of the claimant's school functioning would be more probative if it occurred in the context of a structured routine in which she was expected to awake at a set time and attend her schooling." *Id.* The ALJ last reasoned that plaintiff had reported improvement since starting her POTS treatment plan. *Id.*

The ALJ erred in rejecting plaintiff's mother's testimony, because there was no substantial evidence to support any of the ALJ's reasons for rejecting it. Even if plaintiff was only attending three to four hours of school per week, her mother still had the opportunity to observe her during that time, and the opportunity to observe her throughout the rest of the week. Although M.A.B.'s health care providers recommended more structure for her sleep and activity routine, those recommendations do not undermine the validity of plaintiff's mother's statements.

1       And the ALJ's finding that plaintiff improved with treatment is not supported by substantial evidence. Plaintiff reported her nausea, headaches, and abdominal pain had waxed and waned over time; there was some resolution or decreased in frequency in these symptoms during January 2018, but M.A.B. reported continuing to suffer from these conditions on a regular basis over the next several months. *See* AR 522, 622, 630, 632. The ALJ's reasons for rejecting plaintiff's mother's statements are thus not supported by substantial evidence, and the ALJ harmfully erred.

### D. The ALJ Harmfully Erred in Finding Plaintiff Did Not Meet or Equal a Listing

      Plaintiff argues the ALJ erred by finding she did not meet any Listing. Pl. Op. Br., p. 18. Because the Court has found the ALJ erred in rejecting Dr. Wiseman's opinions, some of plaintiff's testimony, and plaintiff's mother's testimony, plaintiff's argument succeeds. Had the ALJ correctly evaluated that evidence, he may have determined plaintiff met or equaled a Listing. The ALJ therefore erred.

### E. This Matter Should be Remanded for Further Proceedings

      Plaintiff asks the Court to remand this matter for an award of benefits. Pl. Op. Br., pp. 18–19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits, referred to as the "credit-as-true" rule. Remand for benefits is appropriate only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014)). Even when each element is satisfied, the district court still has discretion to remand for further proceedings or for an award of benefits. *See Leon*, 80 F.3d at 1045.

The appropriate remedy is to remand for further proceedings. Although plaintiff has met the first step of the credit-as-true rule, she has not met the second because conflicts still exist in the record. At a minimum, Dr. Wiseman's and Dr. Thompson's opinions do not fully align, so the ALJ must resolve this conflict. *See* AR 76–77, 415.

On remand, the ALJ shall reevaluate Dr. Wiseman's opinions, plaintiff's testimony regarding her pain symptoms, and plaintiff's mother's testimony. The ALJ shall reevaluate all relevant steps of the child disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

III. <u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 6th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge